UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROBERT BOWIE,

     Plaintiff,

                          CASE NO. 05-CV-74411-DT
v.                      JUDGE GEORGE CARAM STEEH
                          MAGISTRATE JUDGE PAUL J. KOMIVES

CITY OF LIVONIA, PATRICK MOUG,
PERTTUNNEN, and PARANELLA;

     Defendants.
_____/

**OPINION AND ORDER
GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER TO COMPEL
PRODUCTION OF DOCUMENTS, DISCLOSURE AND DISCOVERY (Doc. Ent. 15) and
GRANTING IN PART DEFENDANTS' OBJECTION TO REQUEST FOR
PRODUCTION OF DOCUMENT FOR RECORDS AND POLICE OFFICER
PERSONNEL FILES AND MOTION FOR PROTECTIVE ORDER (Doc. Ent. 16)**

**I.    OPINION**

**A.    Background and Procedural History**

On November 18, 2005, plaintiff John Robert Bowie filed a pro se complaint against defendants City of Livonia, and officers Patrick Moug, Perttunnen and Paranella. Compl. at 2. The complaint is based upon plaintiff's July 2002 arrest and July 2003 acquittal. Compl. ¶¶ 10, 12. Specifically, plaintiff's complaint alleges (I) violation of 42 U.S.C. § 1983 (Compl. ¶¶ 13-32); (II) concert of action (Compl. ¶¶ 33-38); (III) civil conspiracy (Compl. ¶¶ 39-44) and (IV) intentional infliction of emotional distress (Compl. ¶¶ 45-49). Plaintiff seeks declaratory relief, compensatory damages, punitive damages, injunctive relief, costs and disbursements, and any other relief to which plaintiff may be entitled. Compl. at 9-10 ¶¶ 1-6.

On January 3, 2006, defendants filed an answer to the complaint, a demand for jury trial and affirmative defenses. (Doc. Entries 7, 8 and 9). On February 21, 2006, plaintiff filed a motion to disqualify defense counsel. (Doc. Ent. 11). This motion is currently pending before Judge Steeh.

Pursuant to Judge Steeh's February 23, 2006 scheduling order, the final pretrial conference is set for January 11, 2007, the jury trial is set for January 23, 2007, the dispositive motion cut-off is set for September 25, 2006, and discovery is due by August 25, 2006. (Doc. Ent. 12).[1]

**B.      Plaintiff's Motion for Order and Defendants' Motion for Protective Order**

On or about February 21, 2006, plaintiff sent defendants a Fed. R. Civ. P. 34 request for production of documents. Specifically, plaintiff requested the "[c]omplete personnel files of each of the defendants. This is to include all reprimands, write ups, warnings and EVERYTHING contained therein said files." He also requested "[c]opies of all reports, notes, writings, drawings, graphics, charts, photographs, phone records, documents and any other compiled data from which information can be obtained from which encounters these defendants had with me, plaintiff, John Bowie, until present." Doc. Ent. 15 at 3.

On March 28, 2006, plaintiff filed a motion for an order compelling production of documents, disclosure and discovery. (Doc. Ent. 15).[2] Plaintiff seeks an order compelling production of the requested documents.

---

[1]On April 26, 2006, I referred plaintiff's case to the Michigan Trial Lawyers Association Pro Bono Program.

[2]On April 4, 2006, Judge Steeh referred this motion to me for hearing and determination. (Doc. Ent. 17).

On April 3, 2006, defendants filed an objection to the request for production of documents for records and police officer personnel files and a motion for protective order. (Doc. Ent. 16).[3] On April 18, 2006, plaintiff filed a response to defendants' objection and motion. (Doc. Ent. 20).

My deputy clerk noticed the hearing on these motions for April 26, 2006. (Doc. Ent. 19). On April 26, 2006, I held a hearing regarding the above-described motions. Plaintiff represented himself, and defendants were represented by attorney Gregory A. Roberts. At the conclusion of oral argument, I took the motions under advisement.

**C.    Analysis**

Among defendants' concerns are that "information of a personal nature [(]and especially sensitive details of a police officer's residence, family members and social security numbe[rs][)] is contained in said files." Doc. Ent. 16 ¶ 3. Additionally, defendants "request a protective order pursuant to [Fed. R. Civ. P. 26(c)(1)] that the disclosure not be had." Doc. Ent. 16 ¶ 8. Defendants note that "[d]iscoverable records such as police reports of known contacts with [p]laintiff or FOIA requests are being compiled and will be provided upon completion." Doc. Ent. 16 at 4.

Plaintiff states that he is "not interested in the defendants' social security numbers. Such sensitive material can easily be blackened out from the files." Doc. Ent. 20 at 2 ¶ 3. Plaintiff also contends that the request for a Fed. R. Civ. P. 26(c)(1) protective order is inapplicable. Doc. Ent. 20 at 2 ¶ 8.

---

[3]On April 5, 2006, Judge Steeh referred this motion to me for hearing and determination. (Doc. Ent. 18).

At the April 26, 2006 hearing, plaintiff reiterated that he is not interested in personal information. He wants the personnel file (such as prior complaints, citizen complaints, etc.) but not the personal information. Defense counsel stated that he is willing to provide reprimands, citizen complaints or disciplinary action information.

The motions at bar are granted in part in accordance with the reasoning set forth in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N. D. Ca. 1987). Defendants shall make the appropriate portions of the individual officer defendants' personnel files available to plaintiff for inspection and copying within fourteen (14) days of the date of this order, unless an appeal is taken from this order. Plaintiff is entitled to see information in this file concerning items such as citizen complaints, disciplinary proceedings taken or contemplated and the results of such proceedings, if any. However, before these files are made available to plaintiff, defendants may redact purely personal information, such as addresses, phone numbers, social security numbers, medical information, etc. In addition, any information regarding encounters with plaintiff shall be provided. However, plaintiff is not to disclose the information he receives except as needed for use in this case.[4]

## II.    ORDER

In accordance with the foregoing, plaintiff's March 28, 2006 motion for an order compelling production of documents, disclosure and discovery (Doc. Ent. 15) is GRANTED IN PART. Likewise, defendants' April 3, 2006 objection to the request for production of

---

[4]This order assumes that defendants' representation that "[d]iscoverable records such as police reports of known contacts with [p]laintiff or FOIA requests are being compiled and will be provided upon completion[,]" Doc. Ent. 16 at 4, satisfies the first of plaintiff's February 21, 2006 document requests.

documents for records and police officer personnel files and motion for protective order (Doc. Ent. 16) are GRANTED IN PART.

    IT IS SO ORDERED.

    The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: 5/3/06 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 3, 2006.
>
>                     s/Eddrey Butts
>                       Case Manager