UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROBERT BOWIE,

    Plaintiff,

vs.

Case No. 05-CV-74411
HON. GEORGE CARAM STEEH

CITY OF LIVONIA, et al.,

    Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
DEFENSE COUNSEL (#11)

Plaintiff John Bowie, appearing pro per, moves to disqualify the law firm of Cummins, McClorey, Davis, & Acho, LLC ("CMDA") as defense counsel for defendants City of Livonia and Livonia Police Officers Moug, Perttunnen, and Paranella. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Bowie filed a complaint on November 18, 2005 alleging the defendants are liable under 42 U.S.C. § 1983 for violating his First, Fourth, and Fourteenth Amendment rights, concert of action, civil conspiracy, and intentional infliction of emotional distress. Bowie's claims arise from his alleged false arrest in July 2002 for poisoning a neighbor's dog. Bowie alleges he was acquitted of the charges in July 2003. Plaintiff alleges that, since July 2003, he has been harassed and threatened by the individual Officers, including an incident on September 26, 2004 when he was unlawfully stopped and searched by Officer

Paranella while exercising his right to protest animal abuse and neglect.

Bowie moves to disqualify CMDA as defense counsel arguing he retained CMDA in a June 1999 civil matter in which he conveyed personal and confidential information to CMDA protected by the attorney client privilege.  Documents proffered by Bowie indicate that Bowie retained CMDA in a matter involving Bowie's late father Daniel's brokerage account with Paine Webber.  Bowie asserts he and his mother paid over $5,000.00 in legal fees for CMDA's services, and that CMDA is in possession of information that could be used against him in this lawsuit, particularly with respect to mitigation of damages.

The Sixth Circuit applies a three-part test for disqualification: (1) a past-attorney client relationship; (2) the subject matter of the prior attorney-client relationship is substantially related to the subject matter of the present action; and (3) the attorney acquired confidential information from the party seeking disqualification.  Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 889 (1990).  See also Mich. R. Prof. Conduct 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation"); E.D. Mich. LR 83.22(b) (adopting Michigan Rules of Professional Conduct).

Bowie has failed to show that the subject matter of CMDA's prior representation, the investigation of possible improprieties by Paine Webber with respect to his father's brokerage account, is substantially related to the subject matter of this lawsuit involving civil rights and intentional tort claims alleged against the City of Livonia and three Livonia Police Officers.  Dana Corp., 900 F.2d at 889; Mich. R. Prof. Conduct 1.9(a).  Bowie has also

failed to explain how any information gained by CMDA in providing past legal services with respect to Bowie's father's brokerage account would be material to a "mitigation of damages" issue in this lawsuit.  Accordingly,

Bowie's motion to disqualify CMDA as defense counsel is hereby DENIED.

SO ORDERED.

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

Dated:  May 15, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 15, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee<br>Secretary/Deputy Clerk